# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NAMPA CLASSICAL ACADEMY, et al., ) | |
| ) | Case No. 09-cv-427-EJL |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| WILLIAM GOESLING, individually and in ) | MEMORANDUM ORDER |
| his official capacity as Chairman of the ) | |
| Idaho Public Charter School Commission, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Pending before the Court in the above-entitled matter is Plaintiffs' motion for temporary restraining order, filed on September 3, 2009. The motion was filed in conjunction with a verified complaint. The certificate of service indicates that the Defendants were served with a copy of the motion on the same date via electronic mail and UPS overnight delivery. The Defendants have filed a response in opposition to the motion.

Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2)(ii).

MEMORANDUM ORDER - 1

**Factual and Procedural Background**

The Plaintiffs, Nampa Classical Charter Academy (NCA), Isaac Moffett, Maria Kosmann, and M.K., initiated this action following the August 14, 2009 special meeting of the Idaho Public Charter School Commission's (IPCSC) where the IPCSC adopted the Attorney General's position that the use of religious documents or texts in public school curriculum would violate Article IX, § 6 of the Idaho Constitution. (Dkt. No. 1, Ex. 1). This position, that NCA calls the "Policy," prompted NCA to file a complaint alleging violations of the First Amendment, Due Process Clause, Equal Protection Clause, Establishment Clause, and violation of Idaho Code § 33-5209 and § 33-5210. (Dkt. No. 1). The Policy, Plaintiffs allege, violates their Due Process and First Amendment rights by prohibiting the use of any "religious documents or text in a public school curriculum" or to "use religious text in class or in the classroom." (Dkt. No. 1, p. 3). The Complaint names several Defendants including: the IPCSC, its Chairman, William Goesling, the members of the IPCSC, the state Board of Education and its members, the Superintendent of Public Instruction, Tom Luna, and the Attorney General of the State of Idaho, Lawrence Wasden, and the Governor of the State of Idaho, C.L. "Butch" Otter. (Dkt. No. 1).

NCA also filed this motion for a temporary restraining order seeking to enjoin the Defendants from "enforcing their Order and Policy prohibiting all religious documents and text from the Academy's curriculum, from issuing and enforcing a Notice of Defect, and from revoking Plaintiff Academy's charter." (Dkt. No. 6). The school was scheduled to open on Tuesday, September 8, 2009. The Notice of Defect, Order, and Policy will irreparably injure Plaintiffs, they argue, by violating their First Amendment rights, damage to reputation and goodwill, loss of enrolled and future students attending Plaintiff Academy, damage to business relationships, eventual

MEMORANDUM ORDER - 2

closure of NCA, loss of NCA assets, loss of employment for NCA teachers, and NCA's students loss of ability to attend classes. The motion is made pursuant to Federal Rule of Civil Procedure 65(b).

Defendants have filed an opposition to the motion arguing the Plaintiffs lack standing to raise their claims, are unlikely to succeed on the merits of the claims, and have failed to demonstrate the likelihood of an irreparable injury. (Dkt. No. 12). The Court has reviewed the motion, response, and record herein and makes the following ruling.

## Standard of Law

Temporary restraining orders are designed to preserve the status quo pending the ultimate outcome of litigation. They are governed by Federal Rule of Civil Procedure 65(b) which requires the moving party to show that "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition...." "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc., 236 F.Supp.2d 1152, 1154 (D. Haw. 2002). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." American Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, ___ U.S. ___, 129 S.Ct. 365, 374-75 (2008) ("Issuing a preliminary injunction based only a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the

MEMORANDUM ORDER - 3

plaintiff is entitled to such relief."). No longer are plaintiffs granted the presumption of irreparable harm upon a showing of a likelihood of success on the merits. Jacobsen v. Katzer, 609 F.Supp.2d 925, 926 (N.D. Cal. Jan. 5, 2009).

**Discussion**

In this case, NCA's motion is predicated on violations of the First Amendment, the Due Process Clause, the Establishment Clause, and the Idaho Code. NCA has failed to make the requisite showing for issuance of a TRO. The Plaintiffs' have not demonstrated a likelihood of success on the merits. As pointed out in the Defendants' opposition, there is a serious question as to whether or not the Plaintiffs have standing. (Dkt. No. 12). Moreover, the allegations here involve difficult questions of state law that bear on state policy problems of substantial public concern that may be more properly resolved in the state system. To grant the TRO would in effect give Plaintiffs the ultimate relief they seek in this case without the matter being fully considered and decided. Further, the TRO is not in the public interest as it would upset the State's efforts to establish a coherent policy with respect to public education.

The Court also finds the Plaintiffs have not established the likelihood of an immediate and irreparable injury. NCA argues is that if the Notice is issued it and the Policy enforced it will result in a chilling effect on the First Amendment rights of the Plaintiffs speech, damage the goodwill and reputation of NCA, loss of students, and damage the business. (Dkt. No. 6, p. 21). Further, the NCA argues issuance of the Notice and enforcement of the Policy would result in an unconstitutional advocation of nontheistic religion over other religious beliefs in violation of the Establishment Clause. The Motion alleges further irreparable harm will be suffered once NCA's charter is revoked. (Dkt. No. 6, p. 24). The motion is supported by several affidavits and exhibits.

MEMORANDUM ORDER - 4

Having reviewed the record herein, the Court disagrees that the harm alleged by the Plaintiffs is irreparable. Harm that is speculative, conjectural, attenuated or remote "does not constitute irreparable injury sufficient to warrant granting a [TRO and] preliminary injunction" Caribbean Marine Servs. Co. Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). The alleged injury here does not appear to be immediate. Although the Defendants voted to adopt the position of the Idaho Attorney General's Office at the August 14, 2009 Special Meeting, no Notice has been submitted to NCA. The injuries feared by the NCA are not yet ripe.

Similarly, Plaintiffs fail to identify a concrete immediate harm. The injuries alleged by the Plaintiffs include violation of their First Amendment rights, damage to reputation and goodwill, loss of enrolled and future students attending Plaintiff Academy, damage to business relationships, eventual closure of NCA, loss of NCA assets, loss of employment for NCA teachers, and NCA's students loss of ability to attend classes. (Dkt. No. 6, p. ). Again, these predictions are mere speculation as to the potential for future harm. See Caribbean Marine Servs. Co., 844 F.2d at 675 (explaining that a plaintiff's prediction of possible injury is too remote and speculative to constitute irreparable injury). Because Plaintiffs can at this juncture only speculate as to what may transpire in the future, the Plaintiffs' motion is premature and denied. Id. at 674-76.

## ORDER

Based on the foregoing, the Court being fully advised in the premises it is **HEREBY ORDERED** that Plaintiffs' Motion for Temporary Restraining Order is (Dkt. No. 6) is **DENIED**.

DATED: **September 10, 2009**

*Edward J. Lodge* (signature)

~~Honora~~ble Edward J. Lodge
U. S. District Judge